HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERRARI FINANCIAL SERVICES,

    Plaintiff,

    v.

ZCRETE SYSTEMS INTERNATIONAL, INC., a Washington corporation; BRIAN WAYNE BROGIE, an individual,

    Defendants.

Case No. 2:21-cv-00198-RAJ

ORDER

## I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's motion for attorney's fees, Dkt. 20, and motion to seal a declaration in support of Plaintiff's motion for attorney's fees, Dkt. 22.  Defendants have not filed a response to either motion.  For the reasons below, the motions are DENIED.

## II.  DISCUSSION

On February 17, 2021, Plaintiff Ferrari Financial Services, Inc. ("Plaintiff") filed a complaint for replevin alleging that Defendants ZCrete Systems International and Brian Bogie (collectively, "Defendants") had defaulted on a lease agreement of a vehicle and refused to pay amounts due under the agreement.  Dkt. 1.  Defendants failed to appear or otherwise plead in the matter.  After conducting an analysis of the *Eitel* factors, the Court

ORDER – 1

granted default judgment in favor of Plaintiff. Dkt. 17. The Court granted a writ of replevin for the vehicle, awarded general damages in the amount of $209.513.24 based on the total payoff amount for the lease, as well as reasonable attorney fees and costs, and post-judgment interest on all amounts at the contractual default rate. *Id.* at 5.

Plaintiff then timely filed a motion for attorney's fees. Dkt. 20. In support of the motion, Plaintiff filed a declaration of Tanya N. Lewis, Dkt. 23, and moved for leave to file the declaration under seal. Dkt. 21. The Court addresses each motion in turn.

**A. Motion for Attorney's Fees**

Plaintiff seeks attorneys' fees in the amount of $19,351.50. Dkt. 20 at 4. Plaintiff claims it is entitled to attorneys' fees as the prevailing party under Washington law and based on the terms of the lease agreement. *Id.* at 3. Plaintiff is the prevailing party in this matter as the Court entered default judgment in its favor. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (holding that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit") (internal citation omitted). Under Washington law, the prevailing party is entitled to reasonable attorneys' fees:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330.

The lease agreement at issue provides that Defendants must pay attorneys' fees and costs:

> If I default I will pay any repossession and storage expenses plus reasonable attorneys' fees and courts costs you incur, subject to any limitation or prohibitions

ORDER – 2

      under state law, and interest on the amount I owe calculated at 18% per year or such lesser default rate as required by law.

Dkt. 20-1 ¶ 32. The Court therefore finds that Plaintiff is entitled to attorneys' fees.

However, before awarding attorneys' fees, the Court must determine what fee is "reasonable." *See* 461 U.S. at 433. A court must determine a reasonable hourly rate by considering the "experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). A reasonable hourly rate is not determined by the rate actually charged by a prevailing party. *Id.* Instead, the court considers the rate "prevailing in the community" for similar work by comparable attorneys. *Id.* at 1210-11. A court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The Court finds that Plaintiff's attorneys' hourly rates of $322.53 for Mr. Tanya N. Lewis and $485.00 for Mr. Daniel S. Wittenberg are commensurate with their experience and reflective of the rate prevailing in the community.

In addition to the hourly rate, the party seeking fees has the "burden of showing the time spent and that it was reasonably necessary to the successful prosecution" of the case. *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). This requires evidence supporting the requested hours. 461 U.S. at 433. In the declaration supporting the motion, Plaintiff's attorneys indicate that 64.8 hours were spent on this matter by two attorneys. Dkt. 23 ¶ 5. They fail, however, to provide a detailed accounting of the hours spent or explanation as to why this number of hours was reasonably necessary, particularly given that Defendants never appeared or plead. The Court finds that the attorneys' accounting of the time spent on this matter is insufficient and fails to demonstrate that it was reasonably necessary to the successful prosecution of the case. The motion for attorneys' fees is therefore **DENIED** without prejudice.

ORDER – 3

**B. Motion to Seal Declaration of Tanya N. Lewis**

The Court next considers Plaintiff's motion to seal the declaration of Tanya N. Lewis in support of Plaintiff's motion for attorney's fees. Dkt. 22. Plaintiff contends that the Lewis Declaration should be sealed because it "contains confidential and proprietary information about the scope of work performed by FFS's attorneys in support of this case, as well as a confidential accounting of attorney fees incurred by FFS in undertaking this action." *Id.* at 2. The Court is unpersuaded.

Under the local rules, there is "a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). A motion to seal a document must include an explanation of "the legitimate private or public interests that warrant the relief sought . . . the injury that will result if the relief sought is not granted." LCR 5(g)(3). A party seeking to seal records attached to non-dispositive motions must show "good cause" under Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The Ninth Circuit has held that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation omitted).

The Court finds that Plaintiff has failed to establish good cause to seal the declaration. Plaintiff has not demonstrated any legitimate private or public interests that warrant the relief sought pursuant to the district's local rules.[1] Local Rules W.D. Wash. LCR 5(g). First, the Court notes that Plaintiff publicly disclosed the hourly rates of the attorneys in the unsealed motion for attorney's fees. Dkt. 20 at 4. Second, the scope of

---

[1] Plaintiff's reliance on *Sun Life Assurance Co. of Canada v. O'Connor*, No. C16-0799-JCC, 2017 WL 1479470, at *1 (W.D. Wash. Apr. 25, 2017) is misplaced, as the request to seal in that matter involved a 30-page exhibit containing detailed attorney services and attorney-client relationship material.

ORDER – 4

work—described in very general terms—does not constitute confidential or proprietary information, but rather describes basic litigation activity, including "sending several demand letters, preparing and serving the summons and complaint, preparing initial disclosures, attempting to locate [Defendants], multiple phone calls, preparing an entry of default . . . [and] a motion for default judgment." Dk 23 ¶ 4.  Third, the remainder of the declaration, including the education and experience of the attorneys, contains no confidential or proprietary information as alleged. *Id.* ¶ 2-3.  Finally, the Court finds that Plaintiff has failed to show prejudice or harm that may result from public disclosure of the declaration at issue. *See* 331 F.3d at 1130.  The motion to seal is therefore **DENIED**.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees is **DENIED without prejudice**.  Dkt. 20.  Plaintiff may re-file an amended motion for attorney's fees addressing the deficiencies identified by the Court within fourteen (14 days) of the date of this Order.  Plaintiff's Motion for Leave to File Under Seal Declaration of Tanya N. Lewis in Support of Motion of Ferrari Financial Services, Inc.'s Motion for Attorney's Fees is **DENIED**.  Dkt. 22.

DATED this 31st day of January, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5