HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FERRARI FINANCIAL SERVICES,

    Plaintiff,

  v.

ZCRETE SYSTEMS INTERNATIONAL, INC., a Washington corporation; BRIAN WAYNE BROGIE, an individual,

    Defendants.

Case No. 2:21-cv-00198-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's renewed motion for attorney's fees, Dkt. # 28, and motion to seal the Declaration of Tanya N. Lewis filed in support of the renewed motion for attorney's fees, Dkt. # 30. These motions are unopposed. For the reasons below, the motion for attorney's fees is **GRANTED**, Dkt. # 28, and the motion to seal is **DENIED**, Dkt. # 30.

## II. DISCUSSION

The Court had denied Plaintiff's prior motion for attorney's fees and its motion to seal Ms. Lewis's declaration. Dkt. # 27. The Court will address each renewed motion in turn.

**A. Motion for Attorney's Fees**

In its prior order, the Court found that Plaintiff was entitled to attorney's fees as

ORDER – 1

the prevailing party under Washington law and based on the terms of the lease agreement at issue. *Id.* at 2-3. The Court also found that the attorneys' hourly rates requested were reasonable. *Id.* at 2-3. The Court incorporates these and all other findings from its prior order here. *Id.*

The Court determined, however, that Plaintiff failed to provide sufficient evidence to meet "the burden of showing the time spent and that it was reasonably necessary to the successful prosecution" of the case. *Id.* at 3 (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). Plaintiff failed to provide any details or information accounting for the hours spent or demonstrate why the number of hours requested was reasonably necessary. The Court therefore denied the motion without prejudice, permitting Plaintiff to re-file an amended motion addressing the deficiencies. Dkt. # 27 at 5.

Plaintiff timely re-filed an amended motion and submitted a declaration and a billing history accounting for the hours worked. Dkt. # 29-1. The Court finds that this evidence is sufficient to establish the time spent and that it was reasonable and necessary to the successful prosecution of this action. The Court therefore **GRANTS** attorney's fees in the amount requested of $23,046.44. Dkt. # 28.

**B. Motion to Seal Declaration of Tanya N. Lewis**

Plaintiff's renewed motion to seal the declaration of Tanya N. Lewis, Dkt. # 30, is identical to its prior motion, Dkt. # 22, which was denied by the Court, Dkt. # 27. Although Plaintiff has added an exhibit in support of its motion for attorney's fees, Plaintiff does not move the Court to seal this exhibit. Instead, Plaintiff moves for leave to seal the declaration of Ms. Lewis, Dkt. # 31, which is also almost identical to the prior version filed, Dkt. # 23, and which the Court determined was not appropriate to seal.

As the Court previously noted, under the local rules, there is "a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). A motion to seal a document must include an explanation of "the legitimate private or

ORDER – 2

public interests that warrant the relief sought . . . the injury that will result if the relief sought is not granted." LCR 5(g)(3).  A party seeking to seal records attached to non-dispositive motions must show "good cause" under Rule 26(c).  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).  The Ninth Circuit has held that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation omitted).

For the same reasons identified in the prior order, the Court finds that Plaintiff has failed to establish good cause to seal the declaration.  Plaintiff has not demonstrated any legitimate private or public interests that warrant the relief sought pursuant to the district's local rules.  Local Rules W.D. Wash. LCR 5(g).  Plaintiff's reliance on *Sun Life Assurance Co. of Canada v. O'Connor*, No. C16-0799-JCC, 2017 WL 1479470, at *1 (W.D. Wash. Apr. 25, 2017) is misplaced, as the request to seal in that matter involved a 30-page exhibit containing detailed attorney services and attorney-client relationship material.  In that case, the Court *did not* seal the attorney's declaration, which summarized the experience of the attorneys and fees and costs of litigation.

Again, the Court notes that Plaintiff already publicly disclosed the hourly rates of the attorneys in the unsealed motion for attorney's fees.  Dkt. # 28 at 4-5.  The scope of work described in the declaration in general terms does not constitute confidential or proprietary information, but rather describes basic litigation activity, including "sending several demand letters, preparing and serving the summons and complaint, preparing initial disclosures, attempting to locate [Defendants], multiple phone calls, preparing an entry of default . . . [and] a motion for default judgment." Dkt. # 31 ¶ 4.  The remainder of the declaration, including the education and experience of the attorneys, contains no

ORDER – 3

confidential or proprietary information as alleged. *Id.* ¶ 2-3. Plaintiff has again failed to show prejudice or harm that may result from public disclosure of the declaration at issue. *See* 331 F.3d at 1130. The motion to seal is therefore **DENIED**.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees is **GRANTED**. Dkt. # 28. Plaintiff is awarded its attorney's fees of $23,046.44. Plaintiff's Motion for Leave to File Under Seal Declaration of Tanya N. Lewis in Support of Ferrari Financial Services, Inc.'s Renewed Motion for Attorney's Fees is **DENIED**. Dkt. # 30. The clerk will unseal the declaration, Dkt. # 31, pursuant to Local Rule 5(g)(6).

DATED this 21st day of June, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4