HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERRARI FINANCIAL SERVICES,<br><br>    Plaintiff,<br><br>    v.<br><br>ZCRETE SYSTEMS INTERNATIONAL, INC., a Washington corporation; BRIAN WAYNE BROGIE, an individual,<br><br>    Defendants. | Case No. 2:21-cv-00198-RAJ<br><br>ORDER |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Ex Parte Motion to Augment the Amended Judgment, Dkt. # 37, and Motion to Seal. Dkt. # 39. Plaintiff, through counsel, appeared before this Court for a motion hearing on November 16, 2023, Dkt. # 41, and submitted a Supplement to its Motion to Augment. Dkt. # 42. For the reasons set forth below, the Motion to Augment the Amended Judgment is **GRANTED** and the Motion to Seal is **GRANTED in part**.

## II.     DISCUSSION

On February 17, 2021, Plaintiff Ferrari Financial Services, Inc. ("Plaintiff") filed a complaint for replevin alleging that Defendants ZCrete Systems International and Brian Brogie (collectively, "Defendants") had defaulted on a lease agreement (the "Lease Agreement") of a vehicle and refused to pay amounts due under the Agreement. Dkt. # 1.

ORDER – 1

Defendants failed to appear or otherwise plead in the matter. The Court granted default judgment in favor of Plaintiff and a writ of replevin for the vehicle. Dkt. # 17. In addition, Plaintiff was awarded general damages in the amount of $209.513.24, as well as reasonable attorney fees and costs and post-judgment interest on all amounts due at the contractual default rate. *Id.* at 5.

The Court later granted Plaintiff's motion for attorneys' fees in the amount of $23,046.44, Dkt. # 33, and entered an Amended Judgment in favor of Plaintiff against Defendants in the amount of $233,034.68. Dkt. # 36. Plaintiff now seeks to augment the judgment based on Defendants' refusal to return the subject vehicle as required by the parties' Lease Agreement and the Court's order. Dkt. # 37 at 2. Specifically, Plaintiff requests $25,415.00 in attorneys' fees and $194,678.32 in unpaid lease payments that have accrued since the filing of the original complaint in February 2021. Dkt. # 37.

**A.) Motion to Augment Amended Judgment (Dkt. # 37)**

The parties Lease Agreement provides that Defendants are responsible for unpaid monthly lease payments for every month that they do not return the subject vehicle and for associated attorneys' fees and costs. *See* Dkt. # 1, Ex. A (Lease Agreement, Section 29 ("End of Term Liability") and Section 32 ("Remedies")). Further, under Washington law, a party may seek attorneys' fees after the entry of a default judgment if the parties' contract provides for such an award. *See, e.g.*, *Johnson v. Cash Store*, 116 WnApp. 833, 840 (2003) (upholding trial court's award of additional attorneys' fees after the entry of a default judgment). At this time, Plaintiff has continued to accrue attorneys' fees associated with the domestication of the Amended Judgment in California in order to execute on Defendants' California-based assets and ongoing attempts to locate the vehicle. Dkt. # 37 at 2. At the November 17, 2023 status hearing, Plaintiff's counsel stated that they recently made contact with Defendant Brogie; however, Brogie still refuses to surrender the vehicle. Dkt. # 41.

Given Plaintiff's continuing attempts to execute on the Amended Judgment, this

ORDER – 2

Court **GRANTS** Plaintiff's request to augment the Amended Judgment to include additional unpaid lease payments associated with the vehicle in the amount of $194,678.32 and attorneys' fees in the amount of $25,415.00.

       **B.) Motion to Seal (Dkt. # 39)**

The Court next considers Plaintiff's motion to seal the declaration of Tanya N. Lewis in support of Plaintiff's motion to augment the amended judgment ("Lewis Declaration"). Dkt. ## 39, 40. Plaintiff contends that the Lewis Declaration should be sealed because it "contains confidential and proprietary information containing descriptions of work performed by FFS's attorneys in support of this case, as well as a confidential accounting of attorney fees incurred by FFS in undertaking this action." Dkt. # 39 at 2.

Under the local rules, there is "a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). A motion to seal a document must include an explanation of "the legitimate private or public interests that warrant the relief sought . . . the injury that will result if the relief sought is not granted." LCR 5(g)(3). A party seeking to seal records attached to non-dispositive motions must show "good cause" under Rule 26(c). *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The Ninth Circuit has held that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation omitted).

While the Court understands Defendant's interest in maintaining the confidentiality of business-related information, the Court must balance this with the right of public access. *See* LCR 5(g). After reviewing the Declaration, the Court finds good cause to redact parts of the Declaration; specifically, counsel's billing rates and total

ORDER – 3

amount billed per attorney in this matter (located within the Lewis Declaration), and the detailed bills and invoices of attorney time attached to the Lewis Declaration (located in redacted form at Dkt. # 38-1). Therefore, Plaintiff's motion to seal is **GRANTED in part**. Plaintiff shall submit a copy of the Lewis Declaration with redactions as set forth in this Order for filing on the docket as a public entry within ten (10) days of the date of this Order.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Augment the Amended Judgment is **GRANTED**. Dkt. # 37. Plaintiff is awarded additional unpaid lease payments of $194,679.32 and associated attorneys' fees of $25,415.00. The Clerk is ordered to enter judgment in the amount of $453,129.00. Plaintiff's Motion to Seal is **GRANTED in part.** Dkt. # 39. Plaintiff shall file a copy of the Lewis Declaration with redactions as set forth in this Order within ten (10) days of the date of this Order. The Declaration located at Dkt. # 40 shall remain under seal.

DATED this 21st day of November, 2023.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 4